UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EDWIN SANTANA,

                Movant,                16-cv-5750 (PKC)

                                       13-cr-536 (PKC)

        -against-                MEMORANDUM
                                        AND ORDER

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Movant Edwin Santana, who represents himself pro se, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After pleading guilty to conspiracy to distribute and possess with intent to distribute narcotics, conspiracy to commit Hobbs Act robbery, and possession of a firearm during and in relation to a drug trafficking offense, he was sentenced on June 24, 2015 principally to 45 months' imprisonment. Santana now claims that the district court did not have jurisdiction to impose a $300 assessment at sentencing and demands a discharge of that debt, immediate release from federal custody, and $20 million in damages. According to the Bureau of Prisons ("BOP") website, Mr. Santana was released from BOP custody on September 29, 2016. Section 2255 of title 28 does not provide for the award of money damages. For reasons to be explained, his motion is otherwise denied.

DISCUSSION

        Santana filed his motion on July 18, 2016, challenging the legality of his sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1). In an order dated July 29, 2016, the Honorable Kevin

                                              Mailed to Mr. Santana 6/7/2017

Thomas Duffy granted Santana leave to file an amended section 2255 motion that included all of his grounds for relief, within sixty days. (Dkt. 3). This case was reassigned to the undersigned on September 30, 2016. On the same date, Santana claims that he placed an amended section 2255 motion in the court's night deposit box. (Dkt. 5). However, no office of this Court has a record of an amended motion having been filed or received. Therefore, the Court directed Santana to submit an amended section 2255 motion by May 12, 2017 or his motion would be denied. (Dkt. 6). More than three weeks have passed and Santana has not filed an amended motion. For this reason alone, the Court dismisses Santana's motion. Reaching the merits, the motion is also meritless.

In his section 2255 motion and other documents filed in this case, Santana appears to rely on arguments common to the "sovereign citizen" or "redemptionist" movements which have been consistently rejected by federal courts. The Second Circuit has described "sovereign citizens" as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 F. App'x 105, 107 n.1 (2d Cir. 2013) (summary order). In Monroe v. Beard, the Third Circuit explained:

> "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 19[3]3, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody.

Monroe v. Beard, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (per curiam).  Those subscribing to the sovereign citizen or redemptionsist theories further believe that when "[a] person's name is spelled . . . with initial capital letters and small letters, [it] represents the 'real person' . . . . Whenever a person's name is written in total capitals, however, . . . only the 'strawman' is referenced, and the flesh and blood person is not involved." McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (citations omitted).

Santana seeks to avoid the $300 assessment imposed at his sentencing by claiming that because he filed a Uniform Commercial Code ("UCC") financing statement to "initiate redemption" and "perfect a security interest" in "EDWIN SANTANA," his property is "exempt from levy." (Dkt. 1).  According to Santana, he holds a priority lien on the property of "EDWIN SANTANA" and therefore the district court did not have jurisdiction to impose an assessment at sentencing.  (Id.)

The theories on which Santana bases these arguments have been uniformly rejected by the courts as legally invalid and frivolous.  See, e.g., Muhammad v. Smith, No. 13 Civ. 760 (MAD) (DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (describing the "redemptionist" theory and the related "sovereign citizen" theory as frivolous legal theories that have been consistently rejected by federal courts "as frivolous and a waste of court resources"); Paul v. New York, No. 13 Civ. 5047 (SJF) (AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013) (holding that "sovereign citizens" are "subject to the laws of the jurisdiction in which they reside") (citation omitted); Charlotte v. Hanson, 433 F. App'x. 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law) (citation omitted).  Santana's motion is therefore denied.

CONCLUSION

Santana's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk is directed to close the case captioned <u>Santana v. United States</u>, 16 Civ. 5750 (PKC).

Santana has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see <u>Blackman v. Ercole</u>, 661 F.3d 161, 163-64 (2d Cir. 2011). His motion was not filed <u>in forma pauperis</u>, and the Court therefore makes no finding pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
June 6, 2017